### BROMMER LUMBER COMPANY *v.* HICKMAN.

Opinion delivered October 24, 1903.

BANKRUPTCY—ACCOUNTING.—Where a corporation gave a note guarantied by a firm having business dealings with it, and bankrupted without having paid it, and the firm was subsequently compelled to pay the note, they are entitled to credit, in their settlement with the corporation's trustee in bankruptcy, for the amount so paid.

Appeal from Polk Circuit Court.

WILL P. FEAZEL, Judge.

Judgment modified.

*H. L. Norwood, E. B. Kinsworthy,* for appellant.

In case of mutual debits and credits between an estate of a bankrupt and creditor, the accounts shall be stated, and offsets against each other allowed. Acts of Bankruptcy § 68-*a*; Brad. Bankruptcy 676, 677, 681; 6 N. B. R. 71; 12 Fed. 315; 37 F. C. 2519; 3 Biss. 273. The claim should have been allowed as a set-off. 107 Fed. 897; 47 C. C. A. 49; 48 C. C. A. 223; 111 Fed. 980; 66 N. Y. Sup. 780; Collier, Bankruptcy (3rd Ed.) 411; 100 Fed. 627; 10 N. B. R. 529. A liberal construction is given the subject of set-off. 17 Fed. C. 573; 85 N. Y. 580.

*S. A. Downs* and *Read & McDonough,* for appellee.

To constitute mutual demands, they must be due from the same persons and in the same capacity. 14 N. B. R. 201; Fed. Cas. 12027, 11470. The giving of a note for an account is payment of the account. 5 Ark. 558; 8 Ark. 213; 7 Ark. 525; 9 Ark. 339; 28 Ark. 66; 33 Ark. 33; 105 Fed. Rep. 760; 16 Am. & Eng. Enc. Law, 4. A setoff shall not be allowed in favor of any debtor of a bankrupt which is not provable against the estate. Bankruptcy Act, § 68-*b*. The mutuality required under the act of 1898 is the same under the act of 1867. 100 Fed. 265; 18 Wall. 628. The $700 item was not a provable debt. 99 Fed. 400; 185 U. S. 436; 96 Fed. 949; 110 Fed. 512; 110 Fed. 348; 109 Fed. 118; 113 Fed. 131; 115 Fed. 158; 114 Fed. 326. No setoff can be claimed. 94 Fed. 706; 101 Fed. 802; 110 Fed. 48; 66 N. Y. 780.

BATTLE, J. On and before the 16th day of December, 1899, the Edith B. Tremaine Lumber Company owned and operated a sawmill near Janssen, in Polk county, in this state. This company entered into a written contract with H. E. and R. L. Brommer, a firm doing business under the name and style of Brommer Lumber Company, by which it was agreed to sell and deliver to the Brommer Lumber Company all the lumber cut by its mill, and the latter company agreed to pay therefor a stipulated price, and to advance to the former "five dollars on each thousand feet on the 15th of each month for all such stock in stack on yards" of the former company, "except that for which an advance had already been made." Thereafter the former company delivered the lumber sawed by its mill to the latter company, and they, from time to time, advanced money to the former on the lumber delivered, paying for the same and making advances in addition thereto. Each party kept an account with the other, which consisted of mutual debts and credits. On the 24th of March, 1900, the former company being indebted to the latter, the Brommer Lumber Company, executed a note for $700, payable to the Bank of Mena, and delivered it to the latter company, which transferred it, with its guaranty indorsed thereon, to the bank, drew money on it, and advanced and used the money for the benefit of the former company, under their written contract. When the Tremaine Lumber Company executed this note, and delivered it to the Brommer Lumber Company, it charged the last-mentioned company on its account with the face value of the note, and the latter company credited the former with

the same in the account kept by them. They continued to do business with each other until the former was adjudged a bankrupt on the first of October, 1900, and J. B. Hickman was appointed trustee of its estate. In the course of this business the note was renewed twice, the latter guarantying payment thereof in writing each time. It was renewed the last time on the 13th of August, 1900, and was made payable, as before, sixty days after date, which made it fall due after the former was adjudicated a bankrupt. The Bank of Mena proved this note as a claim against the estate of the Tremaine Lumber Company in bankruptcy, but forced the Brommer Lumber Company to pay it when it became due. When they paid it, they charged the former company with the amount paid.

After Hickman was appointed trustee, as before stated, he brought this action against the Brommer Lumber Company on the said account of the Edith B. Tremaine Lumber Company against them, and alleged that there was due thereon the sum of $1,039.67, which included the $700 for which the said note was given. The defendants denied being indebted to the Tremaine Company in that amount, but admitted that they were indebted in the sum of $264.08, and offered to confess judgment for that amount. After evidence tending to prove the foregoing facts was adduced, the court instructed the jury that tried the issues in the case to return a verdict in favor of the plaintiff for $959.59, which they did, and the court rendered judgment accordingly; and the defendants appealed. The judgment included the $700 charged for the note.

The only question in the case is, appellants having paid the note to the owner, is the appellee entitled to recover in this action the amount for which it was given?

The note for $700 was not equivalent to that much money. Its value to appellants depended upon the payment of it by the Tremaine Lumber Company, (which for convenience we shall hereafter call "the company"). If it (the company) failed to pay the note when it became due, appellants, having guarantied its payment, were bound to do so. In that event it is evident that appellants were not bound to pay it the second time to the company. If at any time it was entitled to charge appellants on account with the note, such right was based upon the obligation of the company to pay it. That was the consideration. Having failed to discharge the obligation, and appellants having, in the

discharge of their obligation as guarantors, paid the note, the consideration has wholly failed, and the company is no longer entitled to charge them with it, or, which is equivalent, appellants are entitled to a credit for the amount paid by them. They are entitled to reimbursement. If appellee is entitled to bring this action on the account sued on as to the note, the appellants are equally entitled to plead in defense the payment thereof. One necessarily follows the other.

It follows, then, that the court erred in instructing the jury to return a verdict in part for the amount of the note, and that the judgment should be reduced by deducting $700 from the amount thereof, leaving it in force for the sum of $259.59; and it is so ordered.

BUNN, C. J., absent.